George Earl **LARSON,**
Petitioner–Appellant,

v.

Robert **TANSY,** Warden,
Respondent–Appellee.

No. 88–2588.

United States Court of Appeals,
Tenth Circuit.

Aug. 10, 1990.

Ann Steinmetz, Asst. Federal Defender, Albuquerque, N.M., for petitioner-appellant.

Hal Stratton, Atty. Gen. (Anthony Tupler, Asst. Atty. Gen., with him on the brief), Santa Fe, N.M., for respondent-appellee.

Before McKAY and SEYMOUR, Circuit Judges, and KANE,[1] District Judge.

McKAY, Circuit Judge.

Defendant challenges his absence from the final portions of his trial including the jury instructions conference, jury instructions, closing arguments, and the rendering of the verdict.

1. Honorable John L. Kane, Jr., United States Senior District Judge for the District of Colora-

## I. Facts

On May 2, 1979, defendant was charged with criminal sexual penetration by a Bernalillo County, New Mexico, grand jury. Defendant pleaded not guilty. On June 28, 1979, defendant was found competent to stand trial. Prior to the competency hearing, defendant tried to commit suicide while out on bond. Defendant was subsequently admitted to the psychiatric ward of a local hospital. During the competency hearing and the trial itself, the trial judge ordered defendant to be kept in the hospital or the jail. After refusing defendant's counsel's request that defendant not be required to attend trial, the judge remarked that defendant was technically in the custody of the state. Thus, the court ordered the state to provide transportation for defendant to the trial.

At the beginning of the trial, the judge asked defendant several questions concerning his competency. Defendant answered each question and satisfied the judge that he was still competent to stand trial. After this initial discussion, defendant spent the majority of the trial with his head on the table and he never talked to his counsel. On July 3, 1979, at the conclusion of all testimony, the judge told defendant's counsel that defendant could leave the courtroom if counsel would waive his presence. Counsel agreed, and defendant was escorted back to the hospital. On the record, counsel said that defendant was voluntarily absenting himself from the proceedings. Defendant claims that he was never asked if he wanted to leave, nor did defendant authorize his counsel to waive defendant's presence.

Defendant was absent from the remainder of his trial including the jury instruction conference, jury instructions, closing arguments, and the rendering of the verdict. The jury found defendant guilty, and he was sentenced to life imprisonment. After unsuccessfully filing a direct appeal and two state habeas corpus claims, defen-

do, sitting by designation.

dant filed a petition for habeas corpus in the United States district court. The district court rejected all of defendant's claims on February 20, 1985. On December 22, 1986, this court rejected all of defendant's claims except the present claim for exclusion from part of his trial. We remanded the exclusion claim to the district court. On remand, the magistrate and the district court again rejected defendant's exclusion claim. Defendant now appeals the district court's finding.

## II. Standard of Review

This appeal presents three questions for review. First, did defendant have a constitutional right to be present during the phases of his trial from which he was absent? Second, did defendant waive his right to be present? Third, was the alleged error simply harmless error? We review each of these questions de novo.

■ Both parties agree that the question of whether defendant had a right to be present at trial is an issue of law and as such is subject to de novo review. *In re Ruti–Sweetwater, Inc.,* 836 F.2d 1263, 1266 (10th Cir.1988); *United States v. Kilpatrick,* 821 F.2d 1456, 1467 (10th Cir.1987), *aff'd sub nom. Bank of Nova Scotia v. United States,* 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). The question of whether defendant waived his right to be present at trial involves application of the law to undisputed facts. The waiver issue fundamentally depends on whether the law allows defendant's attorney to waive his client's right without specific permission to do so. This is a question of law subject to de novo review. The harmless error issue is a mixed question of law and fact that we also review under the de novo standard. *Graham v. Wilson,* 828 F.2d 656, 659 (10th Cir.1987), *cert. denied,* 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999 (1988).

In conducting a de novo review, we make an independent determination of the issues. We give no special weight to the prior determination of the district court. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

## III. Right to be Present Throughout Trial and Harmless Error

In his brief, respondent concedes that defendant had a right to be present for the entire trial if that were his wish. However, later in his brief respondent seems to argue that defendant could not have assisted his attorney in the trial and thus had no right to be present throughout trial. We conclude that defendant had a constitutional right to be present at the jury instructions, the closing statements, and the rendering of the verdict.

The Supreme Court has recognized a due process right for a defendant to be present at his trial "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934). The Supreme Court went on to explain that "the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* at 107–08, 54 S.Ct. at 332–33. The *Snyder* Court also cautioned that due process does not require the defendant's presence "when [his] presence would be useless, or the benefit but a shadow." *Id.* at 106–07, 54 S.Ct. at 332–33. The Supreme Court continues to apply the *Snyder* standards in more recent cases. *See Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987); *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985).

We interpret respondent's concession in his brief to acknowledge that the parts of the trial from which defendant was excluded were important and that a defendant whose presence would not be useless would have a right to attend those portions. We have previously stated without qualification that a defendant had a constitutional right to be present at summations, jury instructions, and the return of the jury verdict. *Burrell v. Aaron,* 560 F.2d 988, 989 (10th Cir.1977). Thus, we accept the concession that defendant had a right to be present throughout his trial, unless his

presence would be useless or the benefit a shadow.

■ Initially, we hold that defendant was not deprived of due process by his absence from the jury instruction conference. The jury instruction conference traditionally encompasses purely legal issues and, as such, it will be a rare case where a defendant can establish that his presence was essential to his opportunity to present his defense. Typically, the jury instruction conference is attended only by the judge and counsel. Normally the parties are not present. In the instant appeal, petitioner's absence at the jury instruction conference did not violate due process. *See Jones v. Dugger*, 888 F.2d 1340, 1343 n. 3 (11th Cir.1989); *United States v. Graves*, 669 F.2d 964, 972 (5th Cir.1982); *Root v. Cunningham*, 344 F.2d 1, 3 (4th Cir.), *cert. denied*, 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965).

■ In contrast, we hold that defendant's presence in the courtroom during the instructing of the jury, closing arguments, and the rendering of the verdict would not have been useless. Respondent claims that because defendant had not participated in the trial or assisted his counsel prior to the jury instructions conference, defendant's presence would not have been of any benefit during the remainder of the trial. This argument conflicts with the trial court's conclusion that defendant was competent to stand trial. Since defendant was competent to stand trial, we must assume that he was capable of assisting counsel if he desired. We cannot assume that because the defendant had not assisted counsel during the trial he would continue to be of no assistance. Thus, we hold that defendant's presence might have allowed him to provide assistance to his counsel.

We also believe that defendant's mere presence, aside from any assistance defendant could have given to his counsel, would have been useful and would have provided more than a shadow of benefit. At least two circuit courts have held that a defendant was denied his due process right to be present throughout his trial when he was excluded from jury instructions in both cases and in one case the rendering of the verdict. *United States v. Fontanez*, 878 F.2d 33 (2d Cir.1989); *Wade v. United States*, 441 F.2d 1046 (D.C.Cir.1971). In *Fontanez*, the defendant was excluded from part of the jury instructions. The *Fontanez* court held that defendant's exclusion "deprived [Fontanez] of the 'psychological function' of his presence on the jury during a crucial phase of his trial." *Fontanez*, 878 F.2d at 38. In *Wade*, the defendant was absent from part of the jury instructions and the rendering of the verdict. The *Wade* court held that this was not harmless error because there was a reasonable possibility of prejudice.

> [T]he Sixth Amendment guarantee of the right to confront adverse witnesses—is in good part a constitutional recognition of a psychological influence. Though perhaps to a less degree, the same influence pertains to the right of confrontation of defendant and jury, *aside from the usefulness the accused may be to his counsel.* This is especially so when as here a deadlocked jury is reinstructed at some length, is later given an *Allen* charge, and subsequently renders its verdicts. Moreover, there is the reasonable possibility that the jury speculated adversely to the defendant about his absence from the courtroom.

*Wade*, 441 F.2d at 1050 (emphasis added).

The Alaska Supreme Court explained the psychological impact of a defendant's absence when the jury returns its verdict in *Lee v. State*, 509 P.2d 1088 (1973).

> A substantial right was affected by Lee's being absent when the jury returned its verdict. Had he been present he could have insisted on a poll of the jury being taken. Lee was deprived of the right personally to confront the jury.... Lee's absence at the return of the verdict was significant. The psychological distinction between a general poll in his absence, and an individual poll requiring each juror to assume the burden of his decision and affirm it in the defendant's presence is not a minor one.

*Id.* at 1094.

Thus, on the issue of defendant's absence from jury instructions, closing argu-

ments, and the rendition of the verdict, we hold that defendant was deprived of his due process right to exert a psychological influence upon the jury, completely aside from any assistance he might have provided to his counsel. We also agree with the *Wade* court that in this case "there is the reasonable possibility that the jury speculated adversely to the defendant about his absence from the courtroom." *Wade,* 441 F.2d at 1050. *See also United States v. Gordon,* 829 F.2d 119, 128 (D.C.Cir.1987); *Blackwell v. Brewer,* 562 F.2d 596, 600 (8th Cir.1977).

Based on defendant's possible assistance to counsel and his missed opportunity to exert psychological influence on the jury, we hold that defendant's absence from the courtroom at critical junctures in his trial violated his due process rights. Our holding also answers the harmless error issue. In reviewing a conviction for harmless error, "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Graham v. Wilson,* 828 F.2d 656, 660 (10th Cir.1987), *cert. denied,* 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999 (1988) (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986)). In order to determine whether the error was harmless beyond a reasonable doubt, "we ask if the defendant's absence created 'any reasonable possibility of prejudice.' " *United States v. Fontanez,* 878 F.2d 33, 37 (2d Cir.1989). *See also Wade v. United States,* 441 F.2d 1046, 1050 (D.C. Cir.1971). Because we hold that defendant might have assisted his counsel and defendant's mere presence could have exerted a psychological influence on the jury, we also hold that it was not harmless error to exclude defendant. There is a reasonable possibili-

ty of prejudice to defendant in that his absence precluded him from providing any assistance to his attorney and from exerting any psychological influence on the jury.

### IV. Waiver of Right to be Present

■ The record indicates defendant's counsel, and not defendant, waived defendant's right of presence at trial. The trial court never directly addressed defendant concerning his counsel's request to conduct the remainder of the trial in defendant's absence. We hold that defendant did not waive his right to be present.

Several circuits have held that defense counsel cannot waive a defendant's right of presence at trial. *Gordon,* 829 F.2d at 124–26 (defense counsel's request, as a tactical position, that jury voir dire take place in defendant's absence insufficient to waive defendant's right of presence); *Proffitt v. Wainwright,* 706 F.2d 311, 312 (11th Cir.), *cert. denied,* 464 U.S. 1002, 1003, 104 S.Ct. 508, 509, 78 L.Ed.2d 697, 698 (1983) (court rejected argument defense counsel waived defendant's right to be present at competency hearing); *Cross v. United States,* 325 F.2d 629, 631-33 (D.C.Cir.1963) (defense counsel's assertion defendant did not wish to attend trial insufficient to waive defendant's right of presence).[2]

Arguably, defendant's silent acquiescence to his removal from the courtroom waived his right to be present. However, we indulge every reasonable presumption against waiver of fundamental constitutional rights and will not presume acquiescence in the loss of such rights. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Normally the court obtains a waiver of a defendant's presence at trial from the defendant personally, in open court, and on the record. *Gordon,* 829 F.2d at 125–26; *Cross,* 325

---

**2.** The two circuits that have allowed a defendant's counsel to waive his client's right of presence both involve counsel that at least communicated with their clients the need or possibility for attendance at trial. *Wilson v. Harris,* 595 F.2d 101, 104 (2d Cir.1979); *United States v. Dunlap,* 577 F.2d 867, 868 (4th Cir.), *cert. denied,* 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978). No such communication took place in

this case. Even if defense counsel could have validly waived defendant's right to be present for the conclusion of his trial, where defense counsel did not consult with defendant concerning the waiver and did not obtain defendant's consent, the waiver will not be binding on defendant. *See United States v. Crutcher,* 405 F.2d 239, 243 (2d Cir.1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969).

F.2d at 631–33. Although it may be possible to effectuate a waiver without a formalistic process, the facts of this case do not support a holding that this defendant waived his right to be present during the trial.

This is not a case where a disruptive defendant waived his right to be present by ignoring the court's repeated admonitions. Nor is this a case where the defendant refuses to speak, thus requiring the court to orally enter a plea for the defendant. Our holding that defendant did not waive his right to be present is confined to the facts of this case.

Several courts have held that a defendant in custody can never waive his right of presence because he does not have control over his presence or absence. *See, Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 253, 56 L.Ed. 500 (1912); *Fontanez,* 878 F.2d at 36; *Gordon,* 829 F.2d at 125 n. 7; *United States v. Gregorio,* 497 F.2d 1253, 1257 n. 3 (4th Cir.), *cert. denied,* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974); *Bustamante v. Eyman,* 456 F.2d 269, 273–74 (9th Cir.1972). We recognize that there may be times when a defendant in custody could waive his right to be present. However, it is certainly more difficult to establish that a defendant in custody has waived his right to be present.

Although this defendant was not incarcerated at the time of his trial, he was in custody. Prior to his voluntary commitment to the hospital, defendant remained free on bond pending trial. At the close of the first day of the competency hearing, however, the court ruled that

there's indication that [defendant is] moderately suicidal, and I think both the doctors agree on that, and as a further condition of his release, I'm not going to allow him to be released from Anna Kaseman Hospital. And if he is released from the hospital, we'll release him to the jail so there can be some assurances that he's not a danger to himself or do away to himself [sic] or cause harm to the witnesses or anybody else.

Transcript, June 25, 1979, at 75. At the completion of the competency hearing, the trial court noted that defendant was

voluntarily committed, and then the last time we were here, I orally ordered, although no written order followed it, that he not leave Anna Kaseman Hospital; that he remain there. And I think following that order, that technically he's in custody by my order, and I would be willing to sign an order directing the Bailiffs to make arrangements for transporting him from [the hospital] down here for the purpose of trial.

Transcript, June 28, 1979, at 21. Because the record indicates that defendant was in fact in custody during the trial, we conclude that a stronger showing than made in this case is necessary to establish that he waived his presence at trial.

V. Conclusion

We AFFIRM the district court's order finding no constitutional error with regard to defendant's exclusion from the jury instructions conference. We REVERSE the order of the district court adopting the recommendation of the United States Magistrate with regard to defendant's involuntary exclusion from the instruction of the jury, closing arguments, and the rendering of the verdict at defendant's trial. We order a new trial for defendant based on our finding of constitutional error in his first trial.

AFFIRMED in part, REVERSED in part, and REMANDED.