Lloyd Louis VALDEZ, Petitioner,

v.

Frank GUNTER and Gale Norton, Respondents.

Civ. A. No. 91–B–24.

United States District Court, D. Colorado.

Jan. 30, 1992.

Lloyd Louis Valdez pro se.

Robert M. Petrusak, Asst. Atty. Gen., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on Lloyd Louis Valdez's *pro se* petition for a writ of habeas corpus. Jurisdiction exists under 28 U.S.C. § 2254(a) (1966) and 28 U.S.C. § 1331 (1980). This petition, alleging numerous due process violations, was referred to the magistrate judge, and on September 9, 1991 he recommended granting the petition in part and denying it in part. Because objections and a response to the recommendations were filed, I review *de novo.* 28 U.S.C. § 636(b)(1) (1990). I grant the petition for reasons different from those advanced by the magistrate judge, and hold that Valdez was denied his right to be present during an important part of his trial.

While incarcerated at a correctional facility in Golden, Colorado, Valdez assaulted two guards with a pair of scissors. Julian Trujillo, who also was incarcerated at the facility, testified favorably for Valdez at his assault trial. To impeach him, the prosecution introduced into evidence a portion of an audiotape of Trujillo's disciplinary hearing at the correctional facility, in which he gave a version of the assault consistent with the prosecution's theory.

During its deliberations, the jury asked that the tape be replayed. Valdez's lawyer indicated to the court that it was unnecessary for the lawyers to be present in court

while the tape was replayed to the jury. (Tr. vol. II at p. 453 ll. 2–5.) The court, however, required the lawyers to be present when the tape was replayed, but he prohibited them from speaking to the jury. (Tr. vol. II at p. 454 ll. 11–19.) The jury returned to open court, with only the judge and counsel present. The jury indicated that it wanted to hear a portion of the tape that was not admitted into evidence. (Tr. vol. II at p. 455 ll. 16–25.) The court, however, allowed it to hear only that portion of the tape admitted at trial. The prosecutor then replayed this portion of the tape for the jury. After the tape was replayed, a bench conference was held out of the hearing of the jury. (Tr. vol. II at p. 456 ln. 24–p. 455 ln. 1.) This bench conference was not reported. After this bench conference, the court denied a juror's request that the testimony on the tape be read to the jury. (Tr. vol. II at p. 457 ll. 4–11.) The portion of the tape admitted into evidence, however, was again replayed for the jury before it returned to the jury room. (Tr. vol. II at p. 457 ll. 12–14.) Approximately two hours later the jury returned a verdict convicting Valdez of first degree assault. He was thereafter convicted by the same jury on five habitual criminal counts and sentenced to life imprisonment. *People v. Valdez*, 83–CR–39, District Court, County of Jefferson, State of Colorado, *aff'd, People v. Valdez*, 725 P.2d 29 (Colo.App.1986). *See also People v. Valdez*, 789 P.2d 406 (Colo.) (affirming dismissal of Valdez's state court petition for post-conviction relief), *cert. denied,* — U.S. ——, 111 S.Ct. 193, 112 L.Ed.2d 156 (1990).

Although he was in custody and available, Valdez was absent when the tape was replayed for the jury. (Tr. vol. II at p. 454 ln. 12.) Even before the jury requested that the tape be replayed, the court recognized that Valdez could be returned to open court if necessary. (Tr. vol. II at p. 453 ln. 21–p. 454 ln. 3.) Also, there is no indication in the record that Valdez was notified that the jury wanted the tape replayed.

Valdez's petition alleges several due process violations. However, his claim that his due process rights were violated when the audiotape was replayed for the jury in his absence is dispositive.

■ Because Valdez is representing himself, I liberally construe his petition. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979). A state prisoner is entitled to federal habeas corpus relief if he demonstrates state court errors which deprived him of fundamental rights guaranteed by the United States Constitution. *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir.1979), *cert. denied*, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980). A petitioner must exhaust available state remedies before a federal court will entertain his habeas corpus petition. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254(b). In an April 26, 1991 Order I concluded that Valdez had exhausted the claim at issue here.

■ A defendant has a due process right to be present at his trial "whenever his presence has relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Larson v. Tansy*, 911 F.2d 392, 394 (10th Cir.1990) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–106, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)). The presence of a defendant is a condition of due process only to the extent that a fair and just hearing would be thwarted by his absence. *Larson*, 911 F.2d at 394. Due process, however, does not require the defendant's presence when his presence would be useless, or the benefit nebulous. *Larson*, 911 F.2d at 394.

■ I conclude that Valdez's presence during the replaying of this tape would have borne a reasonably substantial relationship to the fullness of his opportunity to defend against the charges. During this proceeding, Valdez could have conferred with counsel concerning several important decisions regarding the replaying of the tape. For example, only a portion of the tape was admitted into evidence, and only this excerpt was replayed for the jury, despite the jury's request to hear another portion of the tape not admitted into evidence. Furthermore, a bench conference, of an unknown nature, was held after the tape was replayed for the jury, but before the jury returned to the jury room. Also, a

transcript of the tape was not read to the jury, contrary to one juror's request. Because of his absence, Valdez was denied a valuable opportunity to voice his opinion and confer with counsel on these important events. Therefore, his presence would have been neither useless nor of nebulous benefit. Rather, because this proceeding presented a valuable opportunity for Valdez to participate meaningfully in his defense, his presence at this proceeding was a condition of due process such that a fair and just hearing was thwarted by his absence. *See Larson,* 911 F.2d at 394.

 Independent from the right to be present to assist counsel, a defendant has a due process right to be present to exert a psychological influence on the jury. *Larson,* 911 F.2d at 396. There is a reasonable possibility that a jury will draw negative inferences from a defendant's absence. *Larson,* 911 F.2d at 396. The potential for this negative inference is heightened where, as here, the jury notices the defendant's absence during its deliberations and while it is in open court reviewing an obviously crucial piece of evidence. Accordingly, Valdez's due process rights were further violated when he was denied his right to be present before the jury while it reviewed this tape in open court.

■ Valdez's absence during this proceeding was not harmless error because there was a reasonable possibility of prejudice. *Larson,* 911 F.2d at 396. To determine whether error is harmless beyond a reasonable doubt, I ask whether the defendant's absence created any reasonable possibility of prejudice. *Larson,* 911 F.2d at 396. I conclude that it did. First, there was a reasonable possibility that Valdez may have meaningfully assisted his attorney in his defense and that the jury speculated adversely about him due to his absence. *Larson,* 911 F.2d at 396. Next, Valdez's presence could have exerted a psychological influence on the jury. Finally, the sum of these factors exacerbated the prejudice. Therefore, this error was not harmless.

■ Finally, although Valdez's lawyer stated that it was unnecessary for the lawyers to be present for the tape replay,

Valdez's right to be present was not waived. Ordinarily a waiver of a defendant's right to be present must be obtained from the defendant personally, in open court, and on the record. *Larson,* 911 F.2d at 396. Valdez did not waive his right to be present, because he did not personally express this waiver in open court, on the record. Moreover, a strong showing must be made that a defendant in custody waived his right to be present. *Larson,* 911 F.2d at 397. Valdez was in custody, presumably at the courthouse, and, according to the trial judge, readily accessible. There is no excuse for his absence at this proceeding.

Accordingly, IT IS ORDERED that Valdez's petition for a writ of habeas corpus is GRANTED, and his conviction in case number 83–CR–39 is VACATED. Respondents are ORDERED to release the petitioner from custody on the 91st day following the date of the judgment entered on this order, unless 90 days from the date of the judgment, the state of Colorado has elected to retry the petitioner.