978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dorothy Mae DOWLER, Defendant-Appellant.
 No. 92-5057.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before BRORBY, SETH and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 The issue raised by this appeal is whether the government's use of Appellant Dorothy Mae Dowler's illegally seized business records is harmless beyond a reasonable doubt. We hold that it is, and affirm.
 
 
 2
 Appellant was convicted of one count of conspiracy to defraud in violation of 18 U.S.C. § 371 and seven counts of causing interstate travel in furtherance of fraud in violation of 18 U.S.C. § 2314. She sought reversal of the conviction to this court, asserting that the trial court erroneously denied her motion to suppress evidence. We ruled that the search of Appellant's records was illegal and remanded to evaluate the consequences of the admission of the several exhibits from Appellant's records in conjunction with the use by the government of the wrongfully obtained records for other purposes in the prosecution, if there was any.
 
 
 3
 On remand, the district court held that the independent source doctrine applied and any benefit the government may have derived from the illegally seized documents was harmless beyond a reasonable doubt. Appellant contends on appeal that the government used the illegally seized documents to corroborate, evaluate, and fortify its case against Appellant, and thus the harmless error rule should not apply.
 
 
 4
 Determination of harmless error is a mixed question of law and fact that we must review under the de novo standard of review. Larson v. Tansy, 911 F.2d 392 (10th Cir.); Graham v. Wilson, 828 F.2d 656 (10th Cir.).
 
 
 5
 The facts pertaining to Appellant's conviction were set forth in the Order and Judgment for United States v. Dowler, No. 90-5094 (10th Cir., Aug. 14, 1991). We held there that Appellant's business records were illegally searched and seized by FBI agents pursuant to an investigation of Appellant for fraud. Three of the documents seized were admitted as exhibits at the trial. Appellant concedes that the benefit the government derived from the offering of these three documents was minimal. However, Appellant contends that in using all of Appellant's records to evaluate, corroborate, and fortify the evidence that it had already obtained, the government established the foundation for its entire case. This cumulative use, Appellant maintains, was substantial and prejudicial.
 
 
 6
 The evidence presented in the hearing on remand indicated that the illegally searched records did not provide the government with any previously unknown names, addresses, or locations of witnesses against Appellant; did not provide any leads to evidence against Appellant other than the three exhibits; and did not provide information which became the basis for the prosecution or trial. The district court additionally found that the Appellant's guilt was established by non-tainted evidence which was obtained independently of the illegally seized documents.
 
 
 7
 In United States v. Sor-Lokken, 557 F.2d 755, 758 (10th Cir.), we stated:
 
 
 8
 "It is well established that neither evidence seized during an unlawful search nor, as a general rule, evidence indirectly obtained as a result of such illegality is admissible against the victim of the search. Wong sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The exclusionary rule determines not only that illegally obtained evidence may not be directly presented to the court, but further that it may not be employed or relied on at all. Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed.2d 319 (1920). 'Of course this does not mean that the facts thus obtained become sacred and inaccessible.' Silverthorne, supra, at 392, 40 S.Ct. at 183. Knowledge of these same facts gained from an independent source may still be employed. Silverthorne, supra."
 
 
 9
 The Supreme Court held in Silverthorne Lumber Co. v. United States, 251 U.S. 385, that although information derived from an unlawful search remains tainted, such derivative evidence may be purged of that illegal source.
 
 
 10
 Thus, the government could not use any information derived from the illegal search and seizure unless it had gained the information from an independent source. The government maintains that its case against Appellant was established prior to the illegal search, that it gained no new knowledge that it did not already have, and that the evidence of Appellant's guilt was independent of the illegal documents. Appellant, while unable to point to a section of the record that demonstrates that the government made specific use of the illegally seized documents, contends that the prosecution gained comfort from reviewing all the records and was able to evaluate its case to ensure that it would not be surprised at trial. Without such support, Appellant asserts, the prosecution may not have decided to indict.
 
 
 11
 We hold that even if the government derived a modicum of comfort from reviewing the illegally seized records, this benefit constitutes harmless error and does not taint the legally obtained evidence. The harmless error analysis requires that the government bears the burden of proving that the prosecution's use of the illegally seized documents did not contribute to Appellant's conviction. Chapman v. California, 386 U.S. 18, 26. We are of the view that the government has carried its burden. The record demonstrates that prior to the search, the government had interviewed most of the witnesses and had received documents from them; had learned of witnesses who had not been interviewed; and believed their investigation to be complete. The incidental use made by the government of the records was thus harmless and did not deprive the legally obtained evidence of its independent source.
 
 
 12
 Accordingly, the judgment of the District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3