Alvin D. **ESNAULT**, Petitioner–Appellant,

v.

**PEOPLE of the STATE of COLORADO; Gale A. Norton, Attorney General of the State of Colorado, Respondents–Appellees.**

No. 92–1171.

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1992.

Alvin D. Esnault, petitioner-appellant, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., and Clement P. Engle, Sr. Asst. Atty. Gen., for respondents-appellees.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellant Alvin D. Esnault appeals a district court order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254(a).[1] On appeal, Mr. Esnault claims a violation of his constitutional right to be present at an important stage of his trial which cannot be waived by counsel, and argues that the district court erred in finding that, although a constitutional violation occurred, it was harmless error beyond a reasonable doubt. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Esnault was convicted in Colorado on one count of arson and one count of attempted arson. He was held in state custody throughout the trial. During the trial, references were made to certain police reports that were prepared during the arson investigation, but the reports were never admitted into evidence. During its deliberations, the jury sent out a note which asked: "Weren't the police reports submitted as evidence, and could we have them please?" The trial judge conferred with defense counsel about the note in a conference that was on the record but out of the presence of both the defendant and the jury. Defense counsel expressly waived her client's presence and did not object to the judge's proposed answer: "You have all the exhibits that have been submitted into evidence."

The question whether a defendant has a right to be present at trial is a question of law which we review de novo. *Larson v. Tansy*, 911 F.2d 392, 394 (10th Cir.1990). It is well established that a defendant has a due process right to be present at trial "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934); *see also United States v.*

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

*Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985). But due process does not require the defendant to be present "when presence would be useless, or the benefit but a shadow." *Snyder,* 291 U.S. at 106–07, 54 S.Ct. at 332; *see also Larson,* 911 F.2d at 394.

 Mr. Esnault argues that he had a constitutional right to be present when the court and his counsel conferred in response to the jury's question. He claims that it was an important stage of his trial because it revealed something about the jury's deliberations, and he should have been present to consult with his counsel about recommending a strategic response. Esnault further argues that the response given undermined the importance of the police report testimony in the jury's eyes. We disagree.

In *Larson,* we held that a defendant does not have a due process right to be present at a jury instruction conference. We reasoned that "[t]he jury instruction conference traditionally encompasses purely legal issues and, as such, it will be a rare case where a defendant can establish that his presence was essential to his opportunity to present his defense." *Larson,* 911 F.2d at 395. The rationale in *Larson* applies in this case because the jury's question went to the legal issue of what was in evidence. Although the jury's question may have revealed that it was evaluating certain evidence, it sought a purely legal answer about whether certain documents had been admitted into evidence for the jury to review. The appropriate response to that question, which the court delivered, was a legal response that the defendant's presence would not have influenced.

■ The petitioner also argues that he had a constitutional right to be present when the court delivered its response to the jury so that he could exert a psychological influence on the jury and prevent his absence from negatively influencing the jury. *See id.* at 395–96. The record, however, does not indicate that the jury was reconvened in open court to hear the answer. The record only contains the court's typewritten answer signed by the judge. With-

out a clear indication of how the response was transmitted to the jury, the district court judge inferred from the existence of the typewritten note that the jury was not reconvened in open court.

■ We review the district court's findings of fact under the clearly erroneous standard, *United States v. Walker,* 931 F.2d 631, 636 (10th Cir.1991), and will reverse only if the district court's finding was without support in the record or we are left with the definite and firm conviction that a mistake has been made. *United States v. Beaulieu,* 893 F.2d 1177, 1182 (10th Cir.), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). Upon reviewing the record, we do not find the district court's finding to be clearly erroneous. There is no evidence to suggest that the jury was reconvened in open court or otherwise responded to in person. The only evidence in the record suggests that the written answer was transmitted to the jury. In this situation, there is no basis for finding that the defendant was prejudiced when he was not present as the response was delivered to the jury.

Because we find that Mr. Esnault's constitutional right to be present at an important stage of his trial was not violated, we do not reach the questions of waiver and harmless error. AFFIRMED. The mandate shall issue forthwith.