Lloyd Louis **VALDEZ**, Petitioner–Appellee,

v.

Frank **GUNTER**, Executive Director (DOC); Gale A. Norton, Attorney General of the State of Colorado, Respondents–Appellants.

No. 92-1052.

United States Court of Appeals, Tenth Circuit.

March 8, 1993.

Rehearing Denied April 6, 1993.

---

Lloyd Louis Valdez, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Robert M. Petrusak, Asst. Atty. Gen., Appellate Section, Denver, CO, for respondents-appellants.

* Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously

Before LOGAN and MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.

LOGAN, Circuit Judge.

Respondents Frank Gunter, Executive Director of the Colorado Department of Corrections, and Gale A. Norton, Attorney General of Colorado, appeal the district court's order granting petitioner Lloyd Louis Valdez' petition for a writ of habeas corpus and vacating his state court conviction. *Valdez v. Gunter*, 782 F.Supp. 99 (D.Colo.1992). The district court determined that petitioner's due process rights were violated because he was not present when part of an audio tape admitted in evidence was replayed for the jury during their deliberations. On appeal, respondents argue that petitioner had no right to be present during the replaying of the tape after the jury deliberations had begun because this was not a critical stage in the proceedings, and, alternatively, that the district court should have found relief precluded under harmless error or plain error analysis. Because we conclude the replaying of the tape did not occur during a critical stage of the trial and, therefore, petitioner's constitutional rights were not violated, we reverse.[1]

While imprisoned at a state correctional facility, petitioner assaulted two guards with a pair of scissors. A fellow inmate of petitioner's, Julian Trujillo, testified for petitioner at the assault trial. To impeach Trujillo, the prosecution introduced a tape of Trujillo's disciplinary hearing in which he gave testimony inconsistent with his testimony at the trial. A portion of this tape was admitted as evidence and played to the jury.

During deliberations, the jury asked that the tape be replayed. Attorneys for the prosecution and petitioner were present when the request was made. Although petitioner's attorney indicated that it was

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

unnecessary for the attorneys to be present for the replaying of the tape, the court required their presence but prohibited them from speaking to the jury. The portion of the tape that had been admitted as evidence was replayed in open court to the jurors in the presence of the attorneys. Petitioner, however, was not present when the tape was replayed, even though he was in custody and available. Defense counsel did not request defendant's presence. The jurors also sought to have the part of the tape not admitted as evidence played, but the court refused. The court then held a bench conference, after which it denied a juror's request that a transcript of the tape testimony be read to the jurors. Instead, the court replayed the tape a second time. The jury then resumed its deliberations.

The jury returned a verdict convicting petitioner of first degree assault. After conviction on five habitual criminal counts, petitioner was sentenced to life imprisonment. Petitioner appealed, and his convictions and sentence were affirmed. *People v. Valdez*, 725 P.2d 29 (Colo.Ct.App.1986).

Petitioner sought federal habeas relief, raising several issues. The district court based its granting of habeas relief only on the ground that petitioner's due process rights were violated when the tape was replayed to the jury in his absence. *Valdez*, 782 F.Supp. at 101. The court reasoned that petitioner's presence was necessary for petitioner to voice his opinions and confer with counsel with regard to the jury's request to hear part of the tape not admitted in evidence, the request that a transcript of the tape be read to the jury, and the bench conference. *Id.* at 102. Additionally, the district court commented upon the importance to petitioner of being able to exert a psychological influence on the jury and in keeping the jury from drawing negative inferences from his absence. *Id.* Finally, the district court found that petitioner did not waive his right to be present and any error caused by his absence was not harmless. *Id.* Accordingly, the district court granted petitioner's habeas corpus petition.

On appeal, respondents assert that the jury's rehearing of the tape was not a critical stage of the proceedings at which petitioner had an absolute right to be present. Rather, respondents argue, the replaying occurred during the jury's deliberations, from which petitioner was necessarily excluded. We agree that the replaying occurred during a noncritical stage of the trial and that petitioner had no absolute right to be present.

· "The question whether a defendant has a right to be present at trial is a question of law which we review de novo." *Esnault v. Colorado*, 980 F.2d 1335, 1336 (10th Cir.1992). The right to personal presence at all critical stages of trial is a fundamental right. *Rushen v. Spain*, 464 U.S. 114, 117, 104 S.Ct. 453, 454, 78 L.Ed.2d 267 (1983). "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987); *see Larson v. Tansy*, 911 F.2d 392, 394 (10th Cir. 1990). Due process, however, does not require the presence of the petitioner when his presence would be useless or only slightly beneficial. *Snyder v. Massachusetts*, 291 U.S. 97, 106–07, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934).

After the district court entered its opinion and the judgment, this court decided *Esnault*, 980 F.2d 1335. In that case, the jury, during its deliberations, sent a note asking for certain police reports. Although references were made to the police reports during trial, they were never admitted as evidence. The district court conferred with defense counsel about the note out of the presence of the petitioner and the jury. Defense counsel waived the petitioner's presence and did not object to the court's response to the note that the jury could not see the reports because they had not been admitted in evidence. The petitioner contended that he had a constitutional right to be present during this important stage of his trial. Determining that "the jury's question went to the legal issue of

what was in evidence," this court concluded that the district court delivered "a legal response that the defendant's presence would not have influenced." *Id.* at 1337. Thus, this court concluded that the petitioner's constitutional right to be present at an important stage of his trial was not violated. *Id.*

 We conclude that the holding and reasoning in *Esnault* control the outcome of this case. As in *Esnault,* whether to play the tape essentially went only to a legal issue concerning admitted evidence. *See id.; see also Larson,* 911 F.2d at 395 (no deprivation of due process by absence from jury instruction conference because conference encompasses legal issues and rarely will defendant's presence be necessary to present a defense). The jury's request to hear a part of the tape not admitted into evidence was essentially no different than the request for police reports that had not been admitted into evidence in *Esnault.* The bench conference and decision to replay the tape-recorded evidence already admitted is essentially no different from a jury instruction conference like that in *Larson* or *Esnault,* which encompasses legal issues only. The only evidence the jury actually was allowed to consider was the part of the tape it had already heard during the trial when petitioner was present. *See United States v. Sobamowo,* 892 F.2d 90, 96 (D.C.Cir.1989) (court in federal direct criminal appeal held that there was no reversible error when defense counsel and judge, but not defendants, were present when an audio tape was replayed for the jury during deliberations), *cert. denied,* 498 U.S. 825, 111 S.Ct. 78, 112 L.Ed.2d 51 (1990).

Because we conclude petitioner's constitutional rights were not violated by the replaying of the tape in his absence, we need not address the respondents' harmless or plain error arguments. *See Esnault,* 980 F.2d at 1337.

The judgment of the district court is REVERSED. Because petitioner raised several issues in his petition for a writ of habeas corpus which were not addressed by the district court, we REMAND for the district court's consideration of those issues.