Lee GOSTON *v.* STATE of Arkansas

CA CR 95-983                                   930 S.W.2d 384

Court of Appeals of Arkansas
Division III
Opinion delivered September 18, 1996

*Rice, Adams, & Pace,* by: *Kelly M. Pace,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen. and Senior App. Advocate, for appellee.

MELVIN MAYFIELD, Judge. Appellant Lee Goston was found guilty by a jury of the second-degree battery of a police officer and sentenced to six years in the Arkansas Department of Correction. Appellant was excluded from the courtroom during the trial and denied the right to represent himself because, in the 60 days preceding this trial, he had been violent and disruptive in court several times. On appeal he argues that (1) the trial judge erred by excluding him from the courtroom during his jury trial in violation of his constitutional right to be present and to confront the witnesses against him, and (2) the trial judge erred by denying him the right to conduct his trial pro se. We agree with appellant's first assignment of error and, therefore, reverse and remand.

Before the trial began, the judge informed appellant that he was going to be excluded from the courtroom because on a previous occasion he had to be carried into the courtroom because he refused to walk, and he had been disruptive in court.

Appellant objected and told the judge that when he had caused the previous disruptions, he had been under deep emotional stress and was having hallucinations; that he had been on "major drugs"; and that his mind was telling him that all white people are devils and to do the things he was doing.

Appellant also told the judge that he did not want his attorney to represent him, he wanted to represent himself, and at the very least he wanted to sit in the courtroom and assist his attorney.

The judge again explained to appellant that he was being excluded from the courtroom because the last time he was in court he lay "on the table there and didn't speak," and at another time appellant had given the judge his word that he would behave if his

shackles and handcuffs were removed, but when they were removed, appellant had "cursed at the jury."

Defense counsel then told the judge that, because of appellant's threats to "strike past counsel," he would be very uncomfortable sitting next to appellant in court if appellant was not shackled. Appellant insisted that since counsel was afraid to sit beside him without him being shackled, he wished to fire counsel and represent himself. Nevertheless, the judge denied appellant's request to proceed as his own counsel and ordered appellant excluded from the courtroom.

Appellant first argues that a defendant has a right to be present at every essential part of his trial. He contends that during the in-chambers conference the morning of his trial in the instant case, he was not violent, threatening, or disruptive. Under these circumstances, he maintains, it was error to exclude him from the courtroom during his trial.

■ The Sixth Amendment to the United States Constitution and Article 2, section 10, of the Arkansas Constitution provide that the accused has the right to be present and confront the witnesses against him. This gives him the right to be physically present and the opportunity to conduct effective cross-examination. *Delaware v. Fensterer*, 474 U.S. 15 (1985); *Winfrey v. State*, 293 Ark. 342, 738 S.W.2d 391 (1987).

■ In *Lewis v. U.S.*, 146 U.S. 370 (1892), the Court reversed a criminal conviction due to jury selection being conducted by listing the challenges, as opposed to the defendant seeing the potential jurors face to face. The Court said:

> A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner . . . .[I]n felonies, it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial.

146 U.S. at 372.

In *Badger v. Cardwell*, 587 F.2d 968 (9th Cir. 1978), the defendant was accused of assault to commit murder of a prison guard, and was acting as his own attorney with stand-by counsel, when he was expelled from the courtroom three times. The first time, appellant

had taunted the court, held up a clenched fist, and argued with the judge. The appellate court found expulsion at that time to be appropriate. The next two times, however, appellant had only been argumentative with the judge and the witnesses he was questioning. The appellate court held that it was error to exclude appellant from the courtroom simply because he asked irrelevant, repetitious and argumentative questions.

In *Terry* v. *State*, 303 Ark. 270, 796 S.W.2d 332 (1990), the Arkansas Supreme Court said:

> In *Illinois* v. *Allen*, 397 U.S. 337, 338 (1970), the United States Supreme Court was faced with the issue of "whether an accused can claim the benefit of this constitutional right to remain in the courtroom while at the same time he engages in speech and conduct which is so noisy, disorderly, and disruptive that it is exceedingly difficult or wholly impossible to carry on the trial." The Court concluded that a defendant can lose his right to be present at trial if, after being warned that he will be removed from the courtroom, he nevertheless conducts himself in such a manner that his trial cannot proceed. The Court further held that the right to be present at trial could be reclaimed as soon as the defendant is willing to conduct himself in a manner that is consistent "with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.* at 343.

> Appellant's right of confrontation under the sixth amendment to the Constitution of the United States was not violated. He became disruptive, and ignored the court's warnings to return to his seat. Although the court did not specifically warn appellant that he might be removed from the courtroom before he was actually removed, the court immediately suspended the trial and, along with other essential persons, went to appellant's cell to try to convince him to return to the courtroom without being opprobrious, warned appellant that the trial would proceed with or without him, and informed him that he could return at any time as long as he did so without contumacy. Appellant clearly relinquished his right to be present at his trial because of his own actions. He subsequently reclaimed the right by conducting himself in a manner consistent with the decorum that is essential in judicial proceedings.

303 Ark. at 272, 796 S.W.2d at 334.

The State points out that in previous trials before this judge, and before another Pulaski County judge, appellant had promised to behave but had then caused such disruptions that forty jurors and ten witnesses had to be paid and dismissed. Furthermore, appellee notes, this judge had knowledge that, in evaluating appellant's mental condition and fitness to stand trial, doctors at the State Hospital thought appellant had attempted to feign mental illness. Therefore, appellee argues, it was reasonable for this judge to exclude appellant from the courtroom, thereby depriving appellant of the opportunity to disrupt another trial.

In support of this argument the State relies upon *U.S.* v. *Stewart*, 20 F.3d 911 (8th Cir. 1994), in which the appellant was forced to go to trial in leg irons. The court held that it was permissible for a trial court to rely upon the presiding judge's knowledge of the defendant's prior misbehavior in court as the factual basis for restricting the defendant's constitutional right to be present during his trial. 20 F.2d at 915.

■ We think the United States and Arkansas Constitutions require the judge at every trial to give the defendant the opportunity to be in the courtroom with the witnesses and jury, regardless of his or her previous conduct. *See Larson* v. *Tansy*, 911 F.2d 392 (10th Cir. 1990). For that reason, we reverse and remand the instant case for a new trial. However, we note that a trial judge does not violate the defendant's right of due process when, because of the defendant's disruptive behavior in the courtroom, the trial judge orders the defendant removed. *Illinois* v. *Allen, supra; Terry* v. *State, supra; Morris* v. *State*, 249 Ark. 1005, 462 S.W.2d 842 (1971).

■ Appellant also argues that it was error for the trial court to deny his request to proceed pro se. Since we are remanding this case for a new trial the issue may arise again. Therefore, we direct the trial judge to the law as stated in *Oliver* v. *State*, 323 Ark. 743, 918 S.W.2d 690 (1996), and *Barnes* v. *State*, 15 Ark. App. 153, 691 S.W.2d 178 (1985).

Reversed and remanded.

ROBBINS and GRIFFEN, JJ., agree.