**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH RASCON,

      Petitioner - Appellant,

v.

TIM LEMASTER, Warden, New Mexico
State Penitentiary; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

      Respondents - Appellees.

No. 02-2028

(D.C. No. CIV-01-845-JP/KBM)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Petitioner Joseph Rascon, a state prisoner appearing pro se, seeks a certificate of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a certificate of appealability and dismiss the appeal.

Rascon was convicted by a jury in state court of numerous counts relating to sexual abuse of his girlfriend's eldest daughter. He was sentenced to a total of 174 years of imprisonment. His conviction was affirmed on direct appeal by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied certiorari on April 6, 2000. His request for state post-conviction relief was denied and the New Mexico Supreme Court denied certiorari on May 15, 2001.

Rascon filed his § 2254 habeas petition on July 23, 2001, raising six claims: (1) violation of his Sixth Amendment right to counsel and his Fifth Amendment right against self-incrimination; (2) denial of a speedy trial; (3) violation of due process rights because he was not present at hearing on defense motion to compel production of medical records; (4) involvement of trial judge in plea negotiations; (5) admission of video deposition at trial; and (6) ineffective assistance of counsel. The district court adopted the magistrate court's findings and recommended disposition and dismissed the petition.

On appeal, Rascon contends that his right to be present at all critical stages of the trial was violated because he was not present at a hearing on whether he was entitled to review the psychiatric records of the victim, and his counsel was ineffective for failing to gain access to the records.

Prior to trial, Rascon's counsel requested access to the psychiatric records of the

2

victim and the victim's sister. The records were subject to a confidentiality order. After examining the records in camera to see if there was any exculpatory material that would require disclosure of the records, the trial court refused disclosure.

A defendant has a due process right to be present at trial "'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" *Larson v. Tansy*, 911 F.2d 392, 394 (10th Cir. 1990) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934)). However, due process does not require the defendant to be present "when [his] presence would be useless, or the benefit but a shadow." *Id.* We conclude that Rascon has failed to show how his presence at the motion hearing could have aided his defense or how his absence prejudiced him. *See Hale v. Gibson*, 227 F.3d 1298, 1312 (10th Cir. 2000).

Rascon also argues his counsel was ineffective because she failed to gain access to the records after the prosecution arguably waived confidentiality. In order to be entitled to relief, a petitioner must establish not only that his or her counsel was ineffective, but that, absent counsel's errors, there is a "reasonable probability" that the outcome of the trial would have been different. *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999). Both the trial court and the New Mexico Court of Appeals determined there was nothing exculpatory in the psychiatric records that required disclosure and Rascon's arguments do not persuade us otherwise. Rascon has failed to show a reasonable probability that the outcome of his trial would have been different if he had gained access to the records.

As Rascon has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(B), we DENY a certificate of appealability and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4