**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4563

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY RAY STRICKLAND,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:15-cr-00335-BHH-1)

Submitted: July 20, 2017                       Decided: August 3, 2017

Before GREGORY, Chief Judge, and KEENAN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, William Camden Lewis, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Ray Strickland appeals his conviction and the 115-month sentence imposed after a jury convicted him of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Strickland asserts that (1) the Government improperly bolstered and vouched for a law enforcement witness during its closing argument; (2) the district court erred by allowing a court employee to replay for the jury the video of the traffic stop that led to the firearms charge; and (3) the district court did not adequately address his motion for a variant sentence or explain the reasons for the sentence imposed. Finding no reversible error, we affirm.

"[I]t is error for the government to bolster or vouch for its own witnesses." *United States v. Lighty*, 616 F.3d 321, 359 (4th Cir. 2010). "[T]o find vouching two criteria must be met: (1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record." *United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998).

In the present case, Strickland did not object to the alleged vouching and bolstering at trial and, thus, we review for plain error. *See Sanchez*, 118 F.3d at 197. Accordingly, we may grant relief only if there was a plain error that affected Strickland's substantial rights, and which seriously affected the fairness, integrity or public reputation of judicial proceedings. *See United States v. Lopez*, 860 F.3d 201, 215 (4th Cir. 2017).

We conclude that the Government did not engage in impermissible vouching or bolstering. To the contrary, the record shows that the Government relied on the trial

2

evidence to suggest, rather than assure, that the law enforcement witness was credible. *See, e.g., Sanchez*, 118 F.3d at 198-99 ("The comment expressly invited the jurors to make their own assessment after closely reviewing the very piece of evidence at issue."). Accordingly, we discern no error in the Government's closing argument.

We also find no reversible error in the district court allowing a court employee to replay the video recording of the traffic stop, which had been admitted into evidence and viewed by the jury during the trial. According to Strickland, excluding a defendant during audio replays for the jury when outsiders are present violates Fed. R. Crim. P. 43 and his rights under the Due Process and Confrontation Clauses. This Court generally reviews claims of due process or confrontation clause violations de novo. *See, e.g., Belbruno v. Ashcroft*, 362 F.3d 272, 278 (4th Cir. 2004). In addition, an error under Rule 43 typically is subject to harmless error review and a criminal judgment "may stand only if there is no reasonable possibility that the practice complained of might have contributed to the conviction." *United States v. Pratt*, 351 F.3d 131, 138 (4th Cir. 2003) (internal quotation marks omitted).

Here, however, Strickland failed to "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection . . . and would have clearly stated the specific ground now asserted on appeal." *United States v. Parodi*, 703 F.2d 768, 783 (4th Cir. 1983) (internal quotation marks and citation omitted). Thus, we review the district court's rulings for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Keita*, 742 F.3d 184, 189 (4th Cir. 2014) ("[W]hen a defendant fails to make a specific and timely objection at trial, our review is restricted to

plain error."); *United States v. Strickland*, 245 F.3d 368, 375 (4th Cir. 2001) (applying plain error review to unpreserved due process argument).

"The Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment together guarantee a defendant charged with a felony the right to be present at all critical stages of his trial." *United States v. Rolle*, 204 F.3d 133, 136 (4th Cir. 2000). Rule 43(a) also requires that a criminal defendant "be present at . . . every trial stage, including jury impanelment and the return of the verdict[.]" Fed. R. Crim. P. 43(a). However, the district court did not err by allowing the jury to watch in the jury room a properly admitted video exhibit played in the court room during the trial. *United States v. Chadwell*, 798 F.3d 910, 914 (9th Cir. 2015)*; see United States v. Monserrate-Valentin*, 729 F.3d 31, 59 (1st Cir. 2013) ("[A]ppellants have failed to persuade us that a mere playback to the jury of an admitted recording is a stage of the trial implicating a defendant's rights under the Confrontation Clause."); *Valdez v. Gunter*, 988 F.2d 91, 93-94 (10th Cir. 1993) (replaying of tape recorded evidence in petitioner's absence did not violate his constitutional rights); *United States v. Sobamowo*, 892 F.2d 90, 97 (D.C. Cir. 1989) (holding that "[c]ontrary to defendants' contentions, the tape replaying was not a stage of trial implicating the [C]onfrontation [C]lause[,] . . . Rule 43(a)[,]" or the Due Process Clause).

We also reject Strickland's assertions that the district court committed reversible error when it imposed a 115-month sentence without addressing his motion for a variant sentence, and inadequately explained why a sentence at the top of Strickland's Sentencing Guidelines range was warranted. We review a sentence "under a deferential

abuse-of-discretion standard, regardless of whether the sentence imposed is inside, just outside, or significantly outside the Guidelines range." *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Initial review is for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Assuming that the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard. *Id.*

We have reviewed the record in this case and conclude that the district court adequately addressed Strickland's motion for a variance and sufficiently explained its rationale for the sentence imposed. Here, Strickland's arguments for the variant sentence were not compelling and the record demonstrates that the district court heard and rejected Strickland's arguments for a lesser sentence. Moreover, the district court expressly referred to the Guidelines and the § 3553(a) factors it deemed most relevant to its decision to impose the 115-month sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (holding that all that is required of a district court is an explanation sufficient "to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority"); *United States v. Boulware*, 604 F.3d 832, 837 (4th Cir. 2010) (recognizing that a sentencing "a court need not necessarily issue a comprehensive, detailed opinion"). And, because Strickland's

5

151-month sentence is within his Guidelines range, we presume on appeal that the sentence is substantively reasonable. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable.").

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*