**Jose Medrano GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–00949–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 13, 2004.

John J. Davis, Angleton, for appellant.

David Bosserman, Angleton, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

## MEMORANDUM OPINION ON REMAND

ADELE HEDGES, Chief Justice.

Appellant Jose Medrano Garcia appealed his felony conviction for sexual assault after having been sentenced by the trial court to eight years' confinement. This court affirmed his conviction.[1] The Court of Criminal Appeals, however, reversed that judgment in holding that (1) the presence of a bilingual individual beside the Spanish-speaking defendant did not satisfy appellant's Sixth Amendment right under the Confrontation Clause to an interpreter, (2) appellant was not required to object at trial to the lack of an interpreter in order to preserve error for appeal, and (3) the trial court's failure to appoint an interpreter for appellant violated appellant's Sixth Amendment right to confront the witnesses against him. *See Garcia v. State,* 149 S.W.3d 135 (Tex.Crim.App. 2004). The Court of Criminal Appeals remanded the case to this court to resolve whether such a failure constitutes harmful error. *See id.* at 145. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* Tex.R.App. P. 47.4. We reverse the judgment of the trial court and remand appellant's case for a new trial.

On remand, the sole issue before this court is whether the trial court's failure to appoint an interpreter for appellant constitutes reversible error. We must reverse appellant's conviction unless we determine beyond a reasonable doubt that the error did not contribute to his conviction or punishment. *See* Tex.R.App. P. 44.2(a); *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The State argues that the trial court's error is harmless because appellant was able to review the State's evidentiary file prior to trial with his attorney and was able to communicate with him during trial through the help of a translator. We disagree.

In its opinion reversing the prior decision of this court, the Court of Criminal Appeals noted that the "leading case in this area," and a case which is "strikingly similar" to the one now before us, is *United States ex rel. Negron v. New York,* 434 F.2d 386 (2d Cir.1970). *See Garcia,* 149 S.W.3d at 141. In *Negron,* the court concluded: "In view of the importance of [the testimony of the investigator for the dis-

---

1. *See Garcia v. State,* No. 14–01–00949–CR, 2002 WL 31525586 (Tex.App.-Houston [14th Dist.] November 14, 2002).

trict attorney's office] and the large number of other witnesses who testified in English against Negron, the denial of so important a right to Negron cannot be regarded as 'harmless'." 434 F.2d at 391 n. 9. The *Negron* court also emphasized the fact that the defendant there could not "understand the precise nature of the testimony against him" at trial and his "incapacity to respond to specific testimony would inevitably hamper the capacity of his counsel to conduct effective cross-examination." *Id.* at 389–90.

■ In light of the authority above, we find unpersuasive the State's argument that appellant's pre-trial access to the State's evidentiary file and his ability to communicate with his attorney during trial through the bilingual interpreter neutralized his inability to understand the testimony of nearly all of the witnesses against him, thereby making the error harmless. The State presented the testimony of seven witnesses against appellant: (1) Maria Erica Mendoza, the complaining witness, (2) Jessica Seladon, the complaining witness's sister, (3) Rosalina Seladon, the complaining witness's mother, (4) Ava Rodriguez, interim custodian of records at Brazosport Memorial Hospital, (5) Veronica Jones, a victim's advocate with the Women's Center in Brazoria County, (6) Rafael Mendoza, the complaining witness's husband, and (7) Greg Ross, an officer with the Richwood Police Department. The undisputed evidence before the trial court was that appellant understood the testimony of only Rosalina Seladon, who testified in Spanish, and did not understand the testimony of any of the other six witnesses, all of whom testified in English. Perhaps most importantly, appellant did not understand the testimony of the complaining witness, Maria Erica Mendoza, who was the only witness (save for appellant) that was present when the incident in question occurred.

■ Because appellant could not understand the testimony of the complaining witness and that of the large number of witnesses against him, it is inevitable that this incapacity hampered his attorney's ability to effectively cross-examine the State's witnesses and, consequently, appellant's ability to participate in his own defense. Harmless error analysis for Confrontation Clause violations assumes that "the damaging potential of the cross-examination [would have been] fully realized"; therefore, we cannot say beyond a reasonable doubt that this error did not contribute to appellant's conviction. *See Van Arsdall*, 475 U.S. at 684, 106 S.Ct. 1431. Accordingly, we reverse the judgment of the trial court and remand appellant's case for a new trial.