Affirmed and Plurality, Concurring, and Dissenting Opinions filed January
6, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00677-CR

___________________

 

Joung Youn Kim, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 10

Harris County,
Texas



Trial Court Cause No. 1527031

 



 

 

PLURALITY OPINION

A jury convicted appellant Joung Youn
Kim of prostitution, a class B misdemeanor.  The trial court sentenced
appellant to twenty days in jail with a credit for two days and a five hundred
dollar fine.  Appellant raises two issues on appeal.  The appellant contends in
her first issue that the trial judge commented on the weight of the evidence by
resuming the trial on day two without an interpreter after the court provided a
translator on day one.  In her second issue, appellant contends the trial court
deprived her of her due process right to be present at trial because the
interpreter was unavailable to her on day two of the trial.  We affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

Vice officers of the Houston Police Department
engaged in an undercover operation at the Pink Relaxation Studio (“Studio”) in
Harris County, Texas on May 19, 2008.  The parties agree on the basic facts
leading to appellant’s arrest.  

At approximately 1:55 p.m., an undercover officer,
Officer Price, entered the Studio.  Upon entering, he encountered appellant,
who wore only a piece of lingerie known as a “teddy.”  After a brief
discussion, Officer Price paid appellant $70 for “a full hour.”  Upon receiving
the money, appellant took Officer Price to a room where he undressed.  She then
proceeded to bathe him.  

After the bath, Officer Price asked appellant, “Can
we fuck?”  Appellant made no verbal response, but disrobed.  Officer Price then
said he normally paid $100 for “a fuck” and asked her if that was “okay or is
that good.”  She eventually responded that “It’s good.”  At that point,
appellant approached Officer Price and attempted to put her mouth on his
penis.  Officer Price stopped her and requested a condom, which she produced. 
She then lay down on a bed, opened her legs, and began “rubbing herself.”  At this
point, Officer Price informed the appellant that he was a police officer and
called for the rest of his team, which was waiting outside the Studio. 
Appellant was arrested and charged with prostitution.

Appellant is a Korean national who speaks an indeterminate
amount of English.  Defense counsel claimed in closing argument she speaks no
English.  The State challenges this claim by appellant.  The record contains no
evidence or finding of appellant’s command of the English language. 
Nonetheless, the trial court appointed an interpreter for the appellant prior
to trial sua sponte.  The trial court did not record any reasons for
this appointment. 

Appellant’s case at trial was that she did not speak
or understand enough English to agree to the charged offense.  The State
charged her with agreeing to engage in sexual intercourse for a fee.  Appellant
argued she agreed to perform oral sex on Officer Price, but never agreed to
sexual intercourse.  Officer Price testified appellant spoke an acceptable
amount of English to understand the transaction.  Defense introduced no
evidence of appellant’s comprehension of English.

During voir dire, defense counsel introduced the
interpreter to the panel and stated, “He’s not our interpreter.  He’s appointed
by The Court to interpret.”  The interpreter translated for the appellant
throughout the first day of the trial, which included voir dire, opening
arguments, and the testimony of Officer Price. 

The following morning, the interpreter did not
arrive.  After both parties rested, the trial judge removed the jury from the
courtroom and announced a decision to continue with closing argument and the
jury charge in the absence of the interpreter.  The trial judge stated his
reasons for continuing were as follows:  (1) defense counsel requested that the
trial court make clear that the translator was present on the court’s
initiative, not upon appellant’s request; (2) the State and defense counsel had
already agreed to the jury charge, thus eliminating any need for appellant’s
input; (3) the court planned to inform the jury that closing arguments are
“summation only” and possess no evidentiary value.

The trial court then continued, “For the above
reasons, the Court, although it would prefer to have the interpreter present,
if just for the sake of continuity, determined that it is unnecessary at this
time and, in the interest of proceeding with this case without interruption,
finds that no harm is done by doing such.” Defense objected to continuing the trial
without the interpreter, stating, “[t]he concern we have is that the jury will
be left with the impression that the Court has determined she doesn’t need an
interpreter because she speaks English.”  The State objected to any discussion
of reasons for the translator’s absence other than a statement the interpreter
was unnecessary because neither party would present evidence.  The court
declined to give an instruction regarding appellant’s understanding of English
because “there is, apparently, no issue of language according to the only
testimony that’s on the record and . . . the defense has insisted, more than
once, that the Court inform the jury that it was the Court’s decision to bring
in an interpreter.”

The jury returned to the courtroom and the trial
court informed the jurors they would hear the jury charge and summation, but
they should deliberate only on the evidence.  Then the trial judge added, “For
that reason, if you’ll notice, the interpreter is not here.  That’s not for
your consideration, whatsoever.”  The trial judge then read the jury charge and
both parties gave their summations.  

The same day, the jury deliberated, reached a
verdict, and was polled.  The jury found appellant guilty of misdemeanor
prostitution.  The trial court sentenced appellant to twenty days in jail, with
credit for two days, and a $500 fine.

DISCUSSION

A.               
 Did
the trial court comment on the weight of the evidence?

Appellant argues that the trial court committed error
by continuing the trial without the presence of the interpreter because doing
so was a comment on:  (1) the defense theory that the appellant did not agree
to commit the charged offense because she did not understand Officer Price’s
request; and (2) the credibility of Officer Price, who testified appellant could
speak English.  

1.                 
 Standard of Review

A judge in a jury trial is a neutral party and should
not give any indication to the jury of his own beliefs about the credibility or
weight of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.05 (West
2010) (prohibiting judge from commenting on weight of evidence beyond
determining admissibility), Tex. Code Crim. Proc. Ann. art. 36.14 (West 2010)
(requiring judges to refrain from commenting on weight of the evidence in jury
charges).  A trial judge improperly
comments on the weight of the evidence if he makes a statement that (1) implies approval of the State’s argument; (2)
indicates any disbelief in the defense position; or (3) diminishes the
credibility of the defense's approach to the case.  Clark v. State,
878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.). 


If a trial judge improperly
comments on the weight of the evidence, we must then decide the materiality of
the comment.  Simon v. State, 203 S.W.3d 581, 592 (Tex. App.—Houston
[14th Dist.] 2006, no pet.).  A comment is material if the jury was considering
the same issue.  Id.  If the comment was material, this court must then
determine whether the comment rises to the level of reversible error.  Id. 
A comment creates reversible error if it is “either reasonably calculated to
benefit the State or to prejudice the defendant’s right to a fair and impartial
trial.”  Id.

2.                 
 Analysis

a)                
 Did
the trial judge inappropriately comment on the weight of the evidence?

 

Appellant argued that continuing with the trial in
the absence of an interpreter was a judicial comment that the court believed:
(1) appellant spoke English; and/or (2) Officer Price’s testimony that
appellant spoke English.  Appellant’s claim rests on the belief that the jury
would see the absence of the interpreter and infer the judge had dismissed him
because appellant understood English well enough to follow court proceedings
without an interpreter’s assistance.  If this line of logic is believed, the
trial judge commented on the weight of the evidence by implying a disbelief in
the defense position that appellant did not speak English sufficiently to agree
to the charged act.[1]

For the purposes of this analysis, we will assume
without deciding that the trial judge’s decision to continue with the trial
without an interpreter present was an inappropriate comment on the weight of
the evidence.  

b)                
 Was the comment material?

Materiality of the comment is determined by whether
the jury considered the same issue.  Id. at 592.  Appellant did not
dispute the basic facts of the State’s case, conceding her presence at the
Studio and that she engaged in various activities with Officer Price.  Appellant
instead argues she did not speak sufficient English to understand what Officer
Price negotiated.  As a result, appellant did not agree to provide sexual
intercourse and did not commit the target offense.  

We assume without deciding that the actions of the
trial judge were an inappropriate comment.  With this assumption, the comment
would be material because it indicates a fact issue that the jury should
deliberate on.  

c)                
 If the comment was material, was it reversible error?

A comment creates reversible error if it is “either
reasonably calculated to benefit the State or to prejudice the defendant’s
right to a fair and impartial trial.”  Id.  “Reasonably calculated”
implies that the jury understands the comment to either endorse the State’s
position or undercut appellant’s arguments.  Id. at 591–92.  

The trial court provided a limiting instruction,
instructing the jurors not to consider the absence of the interpreter in their
decision.  As an appellate court, we are bound to presume judicial instructions
to the jury are effective unless evidence shows the jury did not follow the
directive.  See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)
(stating most error can be cured with a limiting instruction); Williams v.
State, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (noting possible jury
confusion over jury charge is not a reason for reversal in the absence of
actual confusion); State v. Boyd, 202 S.W.3d 393, 402 (Tex. App.—Dallas 2006,
pet ref’d.) (“[A] prompt instruction to disregard will ordinarily cure the prejudicial
effect [of error] and the jury is presumed to follow the trial court’s
instruction . . . in the absence of evidence indicating the members of the jury
failed to do so.”)

Thus, even assuming the trial court’s decision to go
forth with the trial in the absence of the interpreter was a comment on the
weight of the evidence, it is not reversible error.  The trial court gave a
prompt and appropriate limiting instruction, which we assume was effective
without evidence to the contrary.

For the above reason, we find that there is no
reversible error on this point and overrule appellant’s first issue.  

B.                
Was
Due Process Violated by the Absence of the Translator Because It Effectively
Prevented Appellant from Being Present at Her Own Trial?

 

Appellant argues that the trial court prevented her
presence at trial because the interpreter was not present on day two of the
trial.  She argues: (1) there is a guaranteed right to an interpreter under
both the U.S. and Texas Constitutions as well as a statutory right; (2) the defendant
must expressly waive the right to an interpreter, which she did not do; (3) under
the “reasonably substantial relationship test,” the lack of an interpreter
harmed appellant’s ability to defend herself. 

1.                 
Standard
of Review

 

Under the United States Constitution and the Texas Constitution, a
defendant has a constitutional right to be present at all stages of the trial
if his absence may affect the fairness of the proceedings.   U.S. Const. amend.
VI (granting right to confront witnesses); Tex. Const. art I, § 10 (confronting
witnesses is a defendant’s right); Tex. Crim. Proc. Code Ann. § 38.30 (West
2010), Faretta v.
California, 422
U.S. 806, 820 n. 15 (1975) (listing constitutional protections for
defendants); see Miller v. State, 692 S.W.2d 88, 90 (Tex.Crim.App.1985)
(a defendant has a right to physical presence during trial unless waived).  

Presence requires not only physical attendance but
comprehension of the proceedings.  Garcia v. State, 149 S.W.3d 135, 141
(Tex. Crim. App. 2004).  A non-English speaking person possesses the right to
the assistance of an interpreter during trial
proceedings.  See Baltierra v. State, 586 S.W.2d 553, 558 (Tex. Crim. App.
1979) (stating a person who does not understand English has a constitutional
right to an interpreter); Cantu v. State, 993 S.W.2d 712, 721 (Tex.
App.—San Antonio 1999, pet. ref’d) (“An accused’s constitutional right to
confront witnesses encompasses the right to have trial proceedings interpreted
to the accused in a language he can understand.”).   Waiver of this right must
be express, but determination of whether a defendant needs an interpreter lies
within the discretion of the trial court.  See Marin v. State, 851
S.W.2d 275, 279 (Tex. Crim. App. 1993) remanded on other grounds, 891 S.W.2d
267 (1994) (stating that waiving some fundamental rights require express waiver.);
Garcia, 149 S.W.3d at  144–45 (explaining that the right to an
interpreter falls under a fundamental right requiring waiver if the judge knows
the defendant does not understand English); Baltierra, 586 S.W.2d at
559  (stating defendants have a right to an interpreter if the trial judge is
aware the defendant needs one).  

When a defendant’s constitutional right to be
present during the trial has been
violated, we consider whether the defendant's presence bears “a substantial
relationship to the opportunity to defend,” and if it does not, then any error
is harmless. Adanandus v. State, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993).  A case with constitutional error must be reversed
unless the reviewing court determines beyond a reasonable doubt that the error
did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a).

2.                 
 Analysis

a)                
 Did
Appellant have a right to an interpreter at all stages of the trial?

 

Appellant correctly argues that a non-English
speaking person does have a right to an interpreter at her trial.  U.S. Const. amend. VI; Tex. Const. art I, §
10; Tex. Crim. Proc. Code Ann. § 38.30 (West 2010) (stating there is a right to
an interpreter upon either party’s motion or the court’s motion in a criminal
proceeding if “it is determined that a person charged . . . does not understand
and speak the English language”).  This right endures for the duration of the
trial.  Baltierra, 586 S.W.2d at 559.

Entitlement to enforce this right, however, may be contingent
upon either a request by a party for a translator or some finding or judicial
notice of the defendant’s inability to understand or speak English.  See
Garcia, 149 S.W.3d at 144–45 (fundamental right exists if the judge knows
the defendant does not speak English); Baltierra, 586 S.W.2d at 559
(trial judge must appoint an interpreter upon notice defendant cannot speak
English).  The State notes that neither party requested a translator.  Nor is there
an express finding by the trial court that appellant cannot speak English.  

Neither party briefed, nor could the court find, an
analogous case in which no record exists of the appellant’s capabilities in the
English language and neither party requested an interpreter but a trial court
appointed one anyway.  Nonetheless, we conclude the actions of the trial court were
an implicit finding that appellant could not understand English.  Thus, the
court will assume without deciding that appellant did have a right to an
interpreter.  

b)                
Did Appellant Waive Her Right to an Interpreter?

If a defendant has a right to a translator, she must
expressly waive it to relinquish the right.  Tex. Crim. Proc. Code Ann. art.
38.30 (West 2010) (right to translator exists upon motion of court or either
party if “it is determined” the defendant does not understand English); See
Marin, 851 S.W.2d at 279 (Tex. Crim. App. 1993), rev’d on other grounds,
891 S.W.2d 267 (1994) (“Some rights are widely considered so fundamental . . .
[that] if a defendant wants to relinquish one or more of them, he must do so
expressly.”); Garcia, 149 S.W.3d at 144—45 (Tex. Crim. App. 2004)
(explaining that the right to an interpreter falls under a fundamental right
requiring waiver if the judge knows of the defendant’s inability to understand
English); Baltierra, 586 S.W.2d at 559 (Tex. Crim. App. 1979) (stating a
right to an interpreter exists if the trial judge is aware the defendant needs
one).  

We find nothing in the record that shows appellant made
an express waiver of her right to a translator. Thus, appellant did not waive
her right to a translator.

c)                
Was There Harm Under the Substantial Relationship Test?

The standard under which we assess harm is the
substantial relationship test.  Adanandus v. State, 866 S.W.2d 210, 219
(Tex. Crim. App. 1993).  If the defendant’s presence does not bear a
substantial relationship to the opportunity to defend, the error is harmless.  Id. 
We must consider each case individually to determine if harm occurred.  Id.

Appellant makes a general argument based upon a
Federal 10th Circuit case that the translator’s absence prevented her from
exerting “psychological influence” on the jury.  Larson v. Tansy, 911
F.2d 392, 395 (l0th Cir. 1990).  The court notes opinions of the 10th Circuit
are not binding here, but we consider the argument and conclude appellant’s
case distinguishable from Larson.  

In Larson, the defense attorney waived the
criminal defendant’s right to physically attend his trial.  Id. at 393. 
Defendant later appealed, arguing deprivation of a right to be present at trial
because the counsel waived on his behalf.  Id.  The court found this
argument persuasive because the defendant was unable “to exert a psychological
influence upon the jury” and “there is the reasonable possibility that the jury
speculated adversely to the defendant about his absence from the courtroom.”  Id.
at 395–96 (citing Wade v. United States, 441 F.2d 1046 (D.C. Cir. 1971)). 
By contrast, here appellant sat in the courtroom and was visible to the jury. 
Appellant appears to argue that the absence of a translator negatively affected
her ability to make a “psychological impact” on the jury.  She has, however, provided
no explanation of why the presence of the interpreter would change her
“psychological effect” on the jury.  Furthermore, as discussed above, even if
the translator’s absence did raise questions in the jury’s mind about the
translator’s absence, the trial judge gave a prompt and appropriate limiting
instruction which we are bound to accept as effective.  

Appellant further argues she could not assist counsel
because of the translator’s absence.  “[I]f Ms. Kim was able to ‘read’ or
notice some of the juror’s reactions to either the state’s witness testimony,
the prosecutor’s demeanor, or to [defense counsel’s] demeanor, she could have
assisted in her defense by providing valuable insight to her counsel.”  This
court agrees defendants can provide valuable information and insight to their
counsel during trial.  In this particular case, however, it is unclear what
information appellant would have provided.  

At the time of the translator’s absence, no witnesses
gave testimony.[2] 
With regard to the prosecution and defense counsel’s demeanor, it is hypothetically
possible that during summation the appellant could have provided some useful
insight.  We conclude this was unlikely, however, because of the way summation
occurred.  The state waived its right to open, so defense counsel gave the
first summation.  Appellant could not discuss whatever she gleaned from the
jury until defense counsel finished his summation.  Then the State gave its
summation.  Defense counsel had no ability to respond to this argument except
to object to inappropriate tactics, which defense counsel did multiple times.  Any
insight appellant might have had could not be used to reframe the issues or
change juror perspective because defense counsel had no opportunity to act.  Thus,
it would appear that the appellant had no opportunity to assist her attorney by
providing insight into the parties’ demeanor during summation.  Further, appellant
provided no argument that such insight did exist and could have been used.  

As a result of the facts discussed above, the court decides
beyond a reasonable doubt that any error that might have occurred was not
substantially related to the opportunity to defend and did not contribute to
the conviction or punishment.  

CONCLUSION

Having overruled each of appellant’s issues, we
affirm the judgment of the trial court.

                                                                                                                                                               


/s/        John
S. Anderson

                                                                                                Justice

 

Panel consists of Justices Anderson, Frost, and Seymore.
(Frost, J., Dissenting) (Brown, J., Concurring).

Publish — Tex. R. App.
P. 47.2(b).









[1] After both parties rested
and the only evidence on the record about appellant’s language skills was
Officer Price’s testimony, the trial court did state that “I guess [a need for
an interpreter] would be germane if there was an issue of language.  However,
there is, apparently no issue of language according to the only testimony
that’s on the record . . .”  Nonetheless, this statement was made outside of
the jury’s presence and therefore is not relevant to a discussion about whether
or not the jury was prejudiced by the judge’s statements. See Murchison v. State, 93 S.W.3d 239,
261-62 and n. 4 (Tex. App.—Houston [14th
Dist. 2002, pet. ref’d) (judge commenting on evidence outside of the jury’s presence could not have affected defendant’s
right to an impartial jury trial).





[2] This fact distinguishes
this case from our decision in Garcia v. State, 161 S.W.3d 28, 30 (Tex.
App.—Houston [14th Dist.] 2004, no pet.).  In Garcia, the five witnesses
testified against the accused in a language he could not understand and without
the benefit of an interpreter.  Id.  In conducting our harm analysis in
that case, we held that “[b]ecause appellant could not understand the testimony
of the complaining witness and that of the large number of witnesses against
him, it is inevitable that this incapacity hampered his attorney’s ability to
effectively cross-examine the State’s witnesses and, consequently, appellant’s
ability to participate in his own defense.”  Id.