**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DONALD RAY DAVES,

      Petitioner - Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary,

      Respondent - Appellee.

No. 15-8087
(D.C. No. 1:13-CV-00280-SWS)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

**BACKGROUND**

    A Wyoming jury convicted Donald Daves of four counts of first-degree sexual

assault; five counts of using a firearm while committing a felony; and one count each

of aggravated assault and battery, possession of a deadly weapon, and kidnapping.

After his direct appeal and subsequent efforts to obtain state post-conviction relief

proved unsuccessful, Daves sought federal relief under 28 U.S.C. § 2254.

    Respondent moved for summary judgment, and the district court granted the

motion. It then dismissed Daves' § 2254 petition and denied a Certificate of

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appealability (COA). Proceeding pro se, Daves asks us for a COA so he can appeal the district court's order dismissing his habeas petition. Because we conclude reasonable jurists wouldn't find the district court's assessment of Daves' claims debatable or wrong, we deny a COA and dismiss the appeal.

## DISCUSSION

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court instead denies a habeas petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added). Finally, because Daves is a state prisoner seeking habeas relief, we must incorporate "AEDPA's deferential treatment of state court decisions . . . into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

## I.      Definition of "Use"

Daves first argues the trial court erred in instructing the jury on the definition of "use" for purposes of Wyo. Stat. Ann. § 6-8-101,[1] which imposes an additional term of imprisonment when a person "uses a firearm while committing a felony." To succeed on his instructional claim at this stage, it's not enough for Daves to show the challenged instruction was wrong. *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997). Instead, he "must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny [him] due process." *Tiger v. Workman*, 445 F.3d 1265, 1267 (10th Cir. 2006).

In response to a question from the jury, the trial court gave the following supplemental instruction defining "use":

> As a general proposition, a firearm is "used" if [it] is available to facilitate the underlying offense, and it is not required that the weapon be actually brandished or fired. One method in which a firearm may be used is to protect the underlying criminal enterprise. Further, a firearm can be used as a device to embolden or lend courage to the actor, or as a device to intimidate the alleged victim.

*Daves v. State*, 249 P.3d 250, 254 (Wyo. 2011).

In his direct appeal, Daves argued the instruction "allow[ed] the jury to convict him even if they [sic] found he merely possessed, or even constructively

---

[1] As part of his instructional argument, Daves suggests § 6-8-101 is unconstitutionally vague. He also argues that trial counsel was ineffective in failing to object to the supplemental instruction defining "use." Because he did not raise these arguments in his § 2254 petition, we decline to address them in the context of his application for COA. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider defendant's request for COA based on issues defendant did not present to district court).

3

possessed, the gun without actively employing it in the commission of the predicate felonies." *Id.* at 256. The Wyoming Supreme Court rejected this argument, concluding, "The entire tenor of the instruction indicates that the 'use' contemplated by the statute had to be in the context of actually facilitating the crime." *Id.* In any event, the court pointed out, the evidence established Daves "'used' the firearm in accordance with the plain definition of the term by employing it for the purpose of making the victim submit to his will." *Id*. Thus, the court concluded, Daves wasn't prejudiced by the instruction.[2] *Id.*

The federal district court rejected Daves' instructional claim because Daves "offered neither evidence nor argument to support a finding the 'use of a firearm' instruction 'so infected the trial' as to deny him due process." Ord. Dismissing Pet., Doc. 42, at 20-21. Because Daves provides no argument that "demonstrate[s] . . . reasonable jurists would find [this] assessment . . . debatable or wrong," we deny a COA on this claim. *Slack*, 529 U.S. at 484.

_____

[2] The Wyoming Supreme Court reviewed Daves' instructional argument for plain error, concluding defense counsel failed to object to the proposed supplemental instruction. *Daves*, 249 P.3d at 255. To the extent we might read Daves' application for COA as suggesting this conclusion constitutes an unreasonable determination of the facts for purposes of 28 U.S.C. § 2254(d)(2), we reject that argument. The Wyoming Supreme Court acknowledged that, "[a]t first, defense counsel stated that he did not believe the jury needed to be instructed on the definition" and that the court should instead instruct the jury "to 'use their common understanding of the word.'" *Id.* at 254-55. But once the district court decided on the language of the written instruction, "defense counsel did not object." *Id.* at 254. To the extent Daves suggests the Wyoming Supreme Court erred in concluding defense counsel's initial reservations were insufficient to constitute an objection to the language of the instruction, that argument challenges a legal conclusion, not a factual finding subject to review under § 2254(d)(2).

4

**II. Supplemental Instruction Procedures**

In a related argument, Daves asserts the trial court violated his due process rights by (1) failing to ensure his presence at a conference on the supplemental jury instruction; and (2) providing the jury with a written supplemental instruction, rather than instructing the jury in open court with Daves in attendance.

"[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Com. of Mass.*, 291 U.S. 97, 107-08 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964). Citing this general rule, we have declined to find a due process violation when (1) the defendant wasn't present during a jury instruction conference at which counsel and the court discussed purely legal matters; and (2) the court subsequently submitted a written response to the jury's question outside of the defendant's presence. *See Esnault v. People of State of Colo.*, 980 F.2d 1335, 1336-37 (10th Cir. 1992).

Citing *Esnault*, the federal district court concluded Daves' due process claim did not entitle him to relief. Because reasonable jurists wouldn't find this conclusion debatable or wrong, we deny a COA on this claim.

**III. Failure to Re-arraign**

Next, Daves claims the trial court violated his due process rights by failing to re-arraign him after the state amended the sexual assault charges prior to trial.

5

According to Daves, the court's failure to re-arraign him deprived the court of personal jurisdiction.[3]

Citing *Rios v. State*, 733 P.2d 242 (Wyo. 1987), the state district court rejected this argument. Under *Rios*, "[a] state obtains personal jurisdiction over an accused by his physical presence before the court without regard to the manner in which that presence was obtained." *Id.* at 244. The federal district court agreed. Because Daves fails to demonstrate reasonable jurists would find this conclusion debatable or wrong, we deny a COA on this claim.

## IV.    Use of the Word "Force" in the Jury Instructions

The trial court's instructions on the sexual assault charges asked the jury to decide, in part, whether Daves (1) "[i]nflicted sexual intrusion" on the victim "by forcing her to" perform oral sex and engage in sexual intercourse, and (2) "[c]aused submission of [the victim] by threatening to inflict death or serious bodily injury on anyone." Attachment to Br., Doc. 2-3, at 142, 149, 151, 153. Daves argues these instructions improperly combined the elements of Wyo. Stat. Ann. § 6-2-302(a)(i) (which applies when a defendant "causes submission of the victim through the actual application . . . of physical force") and Wyo. Stat. Ann. § 6-2-302(a)(ii) (which applies when a defendant "causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone").

---

[3] In his application for COA, Daves suggests trial counsel was ineffective in neglecting to object to the trial court's failure to re-arraign him. Because Daves didn't advance that argument before the federal district court, we decline to address it. *See Viera*, 674 F.3d at 1220.

6

According to Daves, this alleged hybridization violated his rights under the Due Process Clause and the Ex Post Facto Clause of the United States Constitution.

The state district court[4] rejected this argument, reasoning that both subsections of Wyo. Stat. Ann. § 6-2-302(a) require a defendant to cause the victim to submit, whether by physical force as contemplated by § 6-2-302(a)(i), or by constructive force as contemplated by § 6-2-302(a)(ii). Thus, the state district court concluded, the instructions' reference to force accurately described the elements of § 6-2-302(a)(ii).

We agree with the federal district court that Daves has not demonstrated this instruction "was so fundamentally unfair as to deny [him] due process." *Tiger*, 445 F.3d at 1267. Thus, we deny a COA on this claim.

## V. Double Jeopardy

Next, Daves asserts the trial court violated his rights under the Double Jeopardy Clause. Daves' double-jeopardy argument has morphed over time. In his § 2254 petition, he argued the trial court violated the Double Jeopardy Clause by using his convictions for sexual assault and use of a firearm to enhance his sentence for kidnapping under Wyo. Stat. Ann. § 6-2-201(d), which imposes an enhanced punishment "[i]f the defendant does not voluntarily release the victim substantially unharmed and in a safe place prior to trial." According to Daves' § 2254 petition, the trial court impermissibly allowed the jury to rely on his use of a firearm and his

---

[4] After the state district court denied relief, Daves filed a petition for writ of review with the Wyoming Supreme Court. The Wyoming Supreme Court summarily denied the petition, stating only that Daves failed to identify any error in the state district court's order denying relief.

7

sexual assault of the victim to conclude he didn't release the victim "substantially unharmed" for purposes of § 6-2-201(d).

In his application for COA, however, Daves abandons this argument and instead insists his convictions for sexual assault and use of a firearm to commit a felony must merge because the threats he used to cause the victim's submission for purposes of the sexual assault convictions "could not have been accomplished without the use of the firearm." Aplt. Br. at 14. Because Daves didn't raise this argument in his § 2254 petition, we won't address it here. *See Viera*, 674 F.3d at 1220.

## VI. Ineffective Assistance of Counsel Based on Mental Deficiency

In his sixth claim for relief,[5] Daves argues appellate counsel was ineffective in neglecting to assert, on direct appeal, that trial counsel was ineffective in failing to argue Daves was incompetent to stand trial and be sentenced. Both the state district court and the federal district court rejected this claim because, while Daves may have suffered from depression and drug and alcohol abuse, there was no indication he "lack[ed] the capacity" to "[c]omprehend his position," "[u]nderstand the nature and object of the proceedings against him," "[c]onduct his defense in a rational manner,"

---

[5] Daves lists eight claims in his application for a COA, but he provides argument and authorities to support only seven. We confine our analysis to the claims Daves' sufficiently briefs. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("We do not consider merely including an issue within a list to be adequate briefing."), *modified on other grounds on reh'g*, 319 F.3d 1207 (10th Cir. 2003).

8

or "[c]ooperate with his counsel to the end that any available defense m[ight] be interposed" as required by Wyo. Stat. Ann. § 7-11-302.

In his application for COA, Daves fails to provide any additional information or argument to establish reasonable jurists would find this conclusion debatable or wrong. We deny a COA on this claim.

## VII. Ineffective Assistance of Counsel Based on Failure to Present a Complete Defense

In his § 2254 petition, Daves argued appellate counsel was ineffective in failing to assert trial counsel was ineffective in neglecting to (1) raise a *Batson* claim; (2) challenge the allegation of oral sex; and (3) investigate alleged *Miranda* violations. The federal district court found all three arguments unexhausted and procedurally defaulted because Daves either failed to present them to the state district court in his petition for post-conviction relief or to the Wyoming Supreme Court in his petition for writ of review, and because those claims would now be procedurally barred in state court. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas . . . .").

Daves argues in his application for COA that he did, in fact, raise these arguments in state court. But in support, he cites only his petition for writ of review. Because Daves doesn't suggest he raised these arguments in his state petition for

9

post-conviction relief, he fails to demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (2000). Accordingly, we deny a COA on this claim as well.

## CONCLUSION

Because we conclude reasonable jurists would not find the district court's assessment of Daves' claims debatable or wrong, we deny a COA and dismiss the appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge